UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kendall SCHMIDT,<br><br>Plaintiff,<br><br>v.<br><br>IQ DATA INTERNATIONAL, INC., et al.,<br><br>Defendants. | Case No.:  25-cv-2230-AGS-SBC<br><br>**ORDER GRANTING MOTION TO AMEND (ECF 18)** |

Plaintiff Kendall Schmidt seeks permission to file an amended complaint to add debt-collection claims against defendant IQ Data International, Inc. (*See* ECF 18.)

Although still early in the litigation, at this point, Schmidt may only amend the complaint "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). But the "court should freely give leave when justice so requires." *Id.* "[T]his policy is to be applied with extreme liberality." *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (cleaned up). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Id.* Defendant IQ Data opposes, arguing that amendment was unduly delayed, futile due to statute-of-limitation issues, and would "result in undue prejudice." (ECF 24, at 12.) IQ Data does not contest the other two factors—bad faith and previous amendment—which both favor amendment here, in any event.

**A.    Undue Delay**

IQ Data asserts that "Plaintiff is unduly delayed in bringing this Motion as he knew the facts raised by his new claims . . . at the time of the filing of his original Complaint." (ECF 24, at 9–10.) The three-and-half-month delay between filing of the complaint and the motion to amend, which was filed a full month *before* the motion-to-amend cutoff date and with over half a year of discovery remaining, is not undue delay.  (*See* ECF 23, at 1);

*see also Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (finding undue delay due to a "need to reopen discovery" and a motion filed "several months after the stipulated deadline for amending"). Even if it were, "[u]ndue delay by itself is insufficient to justify denying leave to amend." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016).

**B.    Futility**

IQ Data argues that the amendment would be futile, because the proposed new debt-collection claims are untimely. But IQ Data acknowledges that "in order for leave to file his amended complaint, the claims would need to be found to relate back to the date of filing of the original complaint." (ECF 24, at 10.) "Under Federal Rule of Civil Procedure 15(c), an amendment to a complaint may 'relate back' to the date of the original complaint where it 'asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading.'" *Echlin v. PeaceHealth*, 887 F.3d 967, 978 (9th Cir. 2018) (quoting Fed. R. Civ. P. 15(c)(1)(B)). By contrast, "an amendment will not relate back where the amended complaint had to include additional facts to support the new claim." *Id.* (cleaned up).

The original complaint claimed that "I.Q. Data is a collections company operating from the State of Washington," that "I.Q. Data sought to collect a consumer debt that was alleged to be due and owing from Plaintiff," and that the debt it attempted to collect was "discharged debt" due to the amounts being "settled and waived." (ECF 1, at 3.) Since the allegations in the original complaint already had all the facts necessary, the amended complaint did not need to—and in fact doesn't—"include additional facts to support the new claim," so relation back is appropriate. *See Echlin*, 887 F.3d at 978. Because the new claims are not untimely, they are not futile.

**C.    Undue Prejudice**

"Not all of the factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). IQ Data insists

2

that the three-and-a-half-month delay between filing the original complaint and the motion to amend "would result in undue prejudice" due to increased litigation costs, "unfair surprise," and "the need for additional discovery and investigation." (ECF 24, at 12.) Not so.

Prejudice, in this context, "exists where the claims sought to be added 'would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense.'" *Doe v. Amgen, Inc.*, No. 2:23-cv-07448-MCS-SSC, 2024 WL 3811249, at *1 (C.D. Cal. July 25, 2024) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). The motion to amend here was filed only a month after discovery began with nearly six months of discovery left. *See id.* (finding no prejudice because "the case is still in its early stages" and there was nothing that would "change the litigation's trajectory or unfairly burden Defendant"). In addition, as mentioned above, IQ Data was on notice of all the facts Schmidt relies on to support the new claims. In short, there appears, rather than "undue prejudice," to be virtually no prejudice.

The motion to amend is granted. By **February 6, 2026**, plaintiff must file the amended complaint as a standalone document.

Dated:  February 2, 2026

_____
Hon. Andrew G. Schopler
United States District Judge

25-cv-2230-AGS-SBC